Case number 11, case 3194, Keefe v. F. Sturt Hunter. Okay, with the lawyers who are going to argue the case, please approach and introduce yourself. Good morning, Your Honors. Brett Zeeb from the State Appellate Defender's Office on behalf of Mr. Keefe Sturt Hunter. Good morning, Your Honors. Assistant State's Attorney Michelle Grimaldi-Stein on behalf of the people of the State of Illinois. I wanted to ask you a question before we start. You filed a motion concerning an order on another post-conviction petition. Yes, I filed a motion yesterday, Your Honor, and I apologize for the delay. I did not discover that. That's the problem. You couldn't find that in any of the records on this case. And you say there was such an order. Well, there is no such order. Your Honor, I have copies of it. Well, then you ought to file a supplemental record. I was asking the Court to take judicial notice of its own record. You can't take judicial notice of something that's not part of a record. I'm sorry, Your Honor. I will absolutely file a motion to file a supplemental record. In fact, you said in the motion that it is part of the record. It is not part of the instant record, Your Honor. It is a part of the record on appeal in Appeal Number 11-1704. I could not find it there. The appeal was disposed of last year sometime. So this Court should not have the record from Appeal Number 11-1704. Well, we checked it. You show me that it is in some type of affidavit. Okay? I'd appreciate it. I don't even know that the 10 days passed for the response either, or five days, whatever it is. So, Mr. Sieve, did you see the motion? I did, Your Honor. All right. Well, we're not ruling on it right now. No, we're not ruling on it. We want to get to the bottom of it. That's what we want to do. Okay. Thank you. Good morning, Your Honors. May it please the Court? Good morning. This Court has the inherent authority to compel compliance with its orders to lower courts. On May 19, 2000, this Court entered an order remanding Easter Hunter's initial postconviction petition for second stage proceedings. However, the record does not show that the Circuit Court actually complied with this Court's mandate because the record doesn't indicate that a decision was ever made on that initial petition on the merits. Well, let me ask you something. Now, the State suggests that the petition was actually ruled upon March of what year would that be? Let me see here. I think 2002, I want to say. March or May? Is it March 7th? March 20th, 2002. Your Honor, there's no indication in the record that that occurred. No, I know. Well, is there some transcript out there, do you think, for March 2nd? Your Honor, our paralegal department has checked and checked and double-checked. I've checked the Circuit Court's computer. There's no entry for March 20th, 2002? There is. Well, I don't know. You know what, maybe they're citing something else. They're citing a letter. March 20th? Yeah, they're citing a letter that was contained apparently in a pro se verified petition for postconviction relief in August 2002 where Harold Winston, supervisor of the postconviction unit of the Public Defender's Office, personally told the defendant that his initial petition had been denied on March 20th, 2002. That Mr. Winston may have articulated that, but that does not make it. Yeah, this is not the actual record of proceedings. We don't really know. But I think today we've also entered an order, or we are going to enter an order, regarding supplementing the record to see what, if anything, there are for transcripts for March 20th. But let me ask you, wasn't there a point or didn't there come to be a point when Gwendolyn Brown, when Mr. Hunter had a pending ARDC complaint against her? I think he said pending ARDC complaints against numerous attorneys, yes. All right. Well, yes. Okay. But in particular her? At some point. And wasn't it at the point when his initial petition had been remanded pursuant to our order? It very well could have been. It's been remanded for a number of years. All right. Well, is it possible, though, it looks like at the very time after the remand, there were multiple continuances, and I believe her name is Gwendolyn Brown. She was the post-conviction petitioner. Yes, Your Honor. And at some point he, Mr. Hunter, filed a complaint against her, and I believe it may have been around the time that this order was entered or something was entered, dismissing some of his petitions, including some what were called pro se amended. Well, I think that Mr. Hunter, over the course of this case, has filed numerous pro se filings, and that's true. But the fact remains that there's no entry in the court's computer that there was a ruling on this. There's no actual written order that says his initial post-conviction petition was denied. There's no transcript of the oral finding. Is it possible it was denied when he started filing his own pro se amended petitions directed at his initial post-conviction petition? Well, Your Honor, I think anything's possible. Right, anything's possible. But the fact remains is that there is no evidence of it. There's no evidence. And what we do know is that when this court did issue its mandate remanding it, it happened on the same day that a successive petition was also denied. So there's some confusion with the overlap of these cases. Well, why have we entered numerous orders? Not necessarily the three of us, but why has this court been entering numerous orders indicating there was no merit to any of his petitions? And we've cited that this initial petition that he has claimed that his lawyer was ineffective for not letting him know that his initial petition had been dismissed previously. And he's taken that position in some of his multiple petitions. I think there's blame to be spread around here. But I'm still going to bring it back to the fact that our argument is pretty simple. There's no definitive proof that the circuit court followed this court's mandate. Yes, he has filed numerous other petitions, but those have all been decided based on procedural grounds, untimeliness, race judicata, forfeiture of waiver. The circuit court, there's no proof that they've looked at these claims through the lens of the initial petition. Whether they have merit, that's another question. And you want a remand for this to be tidied up, cleaned up, and taken care of? Yes. All right. Yes, and I understand what you want to do. And if it was never ruled on, I don't think there's any question it should be ruled on. So we're on the same page. I mean, if this was never ruled on, it should be remanded for that purpose. But procedurally speaking, is it enough for him? We can go back to, first of all, the state's first argument is we don't have jurisdiction because these notices of appeal were filed late. According to them, they were mailed. They were received in the clerk's office after 30 days. They say that the mailing notice was insufficient because he does have to attach an affidavit, does he not? Well, I'd just like to point out that there are two different appellate court numbers. This court did grant our motion to consolidate it. And the notice of appeal, granted they're not perfect, but definitively with case number 12-1733, it is received on May 30th, 2012. So that is definitely a timely filed motion. What was the date? April 27th, 2012 was the judgment date. He has that written in this notice of appeal. So how did that, where he found it? It was due on the 27th. That was a Sunday. Monday the 28th was Memorial Day. So it was actually due on the 29th. So was it a day late and a dollar short or no? No, he had to have mailed it before that. Okay, I think you're right on that one. And even if that one, if you have one good one, it doesn't matter. We have jurisdiction. I think you have jurisdiction based on the one good one. All right. If this court doesn't have any further questions, I think I'll sit down. All right. Thank you. Are you going to tell us that the court ruled on this? Your Honors, I'm going to say that for a number of different reasons, even if the court didn't rule on this. I think the record doesn't affirmatively show error. The record doesn't show what happened to the petition. We know for a fact that the petitioner. Well, if the record doesn't show that it's been ruled on, isn't it our obligations and your obligation too as a lawyer to make sure that it's ruled on? Your Honors, I believe that the fact that the record doesn't show doesn't mean that it wasn't ruled on. Well, doesn't the record have to, I mean, isn't that how we decide things based on records? Your Honor, customarily, yes. And if this issue had been timely raised, Your Honor, then perhaps it would be a different story. But what we have here is a defendant who has known since November of 2001 that in his mind, his original petition was never ruled on. He has litigated not only countless post-conviction petitions, he has litigated numerous appeals before this court. He continues to take. Well, you know what, I appreciate that. But, you know, these appeals aren't really ever going to stop, are they? There's no such thing. He can always file successive petitions. He can claim actual innocence. I mean, he's been doing this for how many years now? And they're not going to stop. My question to you is, what is the, why shouldn't we remand, even if not just a limited remand, for the circuit court that's been handling these cases for years to definitively indicate when and how this initial post-conviction was resolved? Successive petitions exist. I'm talking about the initial. I understand, Your Honor, but my point is this. The law provides for a process for when the proceedings on the initial petition have been deficient in some fundamental respect. Those are, that is a successive petition. The law has a way of handling, even if there was no error in this original remand, the law has a way to fix this problem. But the defendant, when he files a successive petition, is required not only to show cause, so that fundamental deficiency would be the cause, he's required to show prejudice in order for that successive petition to go forward. And in order to show prejudice, he has got to show that there is merit to one of the literally hundreds of different claims that he's raised. In all of these appeals, he has... No, I don't think that that's the issue here. You know, this here, he could be the baddest person in the whole world, but there has to be an order on something that he files denying it. And there was. He filed... Well, if there was, where is it? Because I can't find it. Your Honor, with all due respect, he filed an amended petition in November of 2001. He argued some of the claims in the original petition. He argued some additional new claims. Well, in November of 2001, he filed his fourth petition. I'm aware of that, Your Honor. That's his fourth petition. We're talking about his eighth petition. Now, didn't he file an amended petition? Not the fourth, okay? Didn't he file a number of amended pro se petitions or at least one in November of 2001? In November of 2001, he filed what he labeled as an amended petition. It raised the original claims as well as some... Is that in this record? Yes, Your Honor, it is. Okay, what page is that in so we know? This is when he was having his controversy with Ms. Brown, wasn't it? Actually, it was a little bit before. A little bit before? Okay. So the timeline goes that he files this petition, and I have in my notes Common Law Record 030337, 030337, pages 64... Could you say that again? Sure. Okay, that's okay. I'm sorry, Your Honor. I want to explain my record sites. Because there are so many different records in this case and in many post-conviction cases, I will use my references, the original appellate number originally signed. So if you look for the volumes marked 030337, pages C64 to C98. Is this a Common Law Record? Yes, ma'am. All right. So it's CL03-0337. Correct. Okay. Pages 64 to 98. Okay. That was executed on October 20th of 2001. It was filed with the court on November 1st, 2001. And there are two documents there. It's called an amended post-conviction petition and an amended petition in support for a petition of post-conviction relief. So two different documents. He raises in these two petitions all of the claims that he raised in his original petition as well as some additional new claims. And at this point, the mandate has issued and the case has been continued from time to time. Correct. Now, what we know is this, and I just want to say there is absolutely no confusion caused by the fact that this court issued its mandate on the same day that the defendant filed another petition. The circuit court has no idea about this court's issuance of a mandate on that date. That's not going to cause confusion. What do we know? We know that his original petition goes back to the circuit court. We know the circuit court puts it on its docket. We know that the court appoints counsel. We know that counsel obtains several continuances to review the claims. We know from the records that she contacts the defendant. She communicates with him by letter and by telephone. We know that she concludes that there are no, from an ARDC letter that she wrote when the defendant filed his first complaint against her in 2002, that she writes him a letter and she apprises him. This is what's happening. Let me ask you this question. The document that was filed on November 1, 2001, resulted in two appeals, 023280 and 030337. Is that correct? Correct. Wait, wait, wait. And 0337 was dismissed for lack of prosecution, was it not? Correct. Failure to file a record. Okay. And the other one was remanded. Correct. On a summary remand. Now, the points that are really salient about these petitions is he files these petitions, Judge Wattis considers them as successive petitions, and on March 12th, I believe, Judge Wattis dismisses them on January 31st of 2002. On March 12th, the defendant files, mail files, a motion for rehearing and for certain other relief. And the motion accuses Judge Wattis of not paying attention to the facts, not realizing this is not a successive petition. This is his original petition. This is the petition that was remanded. This is the petition that. Where is that in the record? That is on page. It's a supplemental common law record for volume 030337, pages 2 through 10. Okay. So in his petition for rehearing and other relief, he says that these are not successive PCs. These are amendments to my original initial post-conviction petition. Correct. And I am entitled, he says, to file these amendments. Judge Wattis, that's the ruling that's entered on March 20th, 2002. Judge Wattis denies his motion for rehearing. So the defendant files a notice of appeal, which is late. On September 6th, 2002, he is granted leave to file a late notice of appeal under case 023280 or 030337. But it's not clear on which ruling. And does the defendant, now knowing, he knows this record unequivocally demonstrates that he has knowledge that he believes his initial petition hasn't been ruled upon. The court, he knows the court has erred in his mind in treating his petition successively. He appeals. Does he raise that issue to this court? No. On appeal, he takes a contrary position. And he says, this was a new petition. This was a successive petition. And this was pre-LaPointe. So we don't. You know, I don't see where you're going with this. In this document, which I call the fourth, whether it would be a new petition, an amendment, or whatever, appeal 3280 was remanded. And we're going all the way to the document that was filed on November 29th, 2011. That's what we're talking about. There's apples and oranges here. It's not apples and oranges whatsoever. Because if a defendant is aware of an issue, and he has the opportunity to appeal that issue to this court, and he instead takes a contrary position and obtains relief based on the contrary position, he is collaterally stopped at that point from coming back and now saying, oops, oops, oops, I made a mistake. I get a do-over here. Well, that would go to the merits of the petition. You know, that's another story. We're not talking about the merits. We're only talking about cleaning up a record. You know, I agree with you that there's no question that he's playing a game with the court here with all of these things. But that's besides the point. No, Your Honor. No, it is. Because the point is that we have to clear up the record. Your Honor, that is simply not necessary because this court operates under principles of res judicata, under principles of collateral estoppel. Sure. There has to be orders to those effects. You can waive your right to obtain a ruling on your motion if you don't actively pursue it. And this defendant knew. And, Judge, it gets worse than that. What case tells you this? That you can waive the right, that you have an obligation. That you could, that a defendant could file a petition and because of his conduct, the court doesn't have to rule on it. Where is there such a law? I will happily provide this court with a case that if a defendant does not pursue a ruling on his motion, he waives it. I will happily file a motion. You've already, I mean, that's in your brief. You've argued wavering. I argued the many things you've argued. It is in your brief. But you can also, I mean, you know, I know I read it. He forfeited his opportunity not only once, Your Honor, five times to get this issue reviewed. Because as you correctly pointed out. Well, isn't that something that the trial court should rule on? No, Your Honor. This court has de novo review. This court can look at this record and say this issue is barred by res judicata. This court has determined on two occasions since it offhandedly commented in the 06 appeal that the record didn't reveal what happened to this petition. On two different occasions, it has allowed the State Appellate Defender's Office to file a Finley brief. Indicating that there are no issues of arguable merit. This court was aware of the fact that the record didn't reveal it. And I believe, Your Honor, you authored the opinion. No, Justice Cahill authored that one. But Robert Gordon and Justice Wolfson were on that. But in 11-1704, I believe Justice Gordon authored the opinion granting the State Appellate Defender the right to file a Finley motion. And then denying the defendant's pro se petition for re-hearing. Let's talk about that. We've had two different occasions where this court has previously granted Finleys, haven't we? Yes, Your Honor. And in that, we said there was, we agreed with the either State Appellate Defender or the Public Defender's Office, whoever did the appeal, that there were no issues of arguable merit. Correct. Knowing all the well, all the time, that there was this issue of uncertainty as to what happened with the first ruling. And the defendant, in his petition for re-hearing, in 11- But if we made a mistake, we can correct that later. We can say that. But it simply isn't necessary. Because this court has de novo review. It is abundantly clear that even if there was never a ruling on the initial petition, the defendant still can't, it's harmless error because none of his claims have any merit. This defendant has had all the process to which he is due under the Post-Conviction Hearing Act. He has had counsel appointed on numerous occasions. He has had his claims investigated. The 651C certificate has been filed. He has never alleged in any- Well, let me ask you this. If his claims in his subsequent petitions mirror all the claims in the first, and we've already ruled and twice have said there wasn't any merit, what is the principle of law that guides us? Harmless error. Harmless error? Is that the best you can come up with? Well, certainly, only, Your Honor, I could say res judicata. The issue is the fact that this court looked at it through the lens of a successive petition and cause and prejudice. But harmless error applies when the attorney has done everything that the attorney should and needs to do. And when the attorney recognizes that the claims have no merit, when the court has recognized and this court has recognized, and most importantly, the defendant has never argued, never once, in all these appeals, has he ever contended that any of his claims may be even a frivolous and patently without merit showing, let alone a substantial showing of a constitutional violation that he is required to make at second stage. So you have a defendant who has an admittedly meritless petition. You have a defendant who five times had the opportunity to bring this problem to the attention of the court and did not. You have this court ruling after the defendant did bring it to the attention of this court that it wasn't an issue of arguable merit. This issue is barred by res judicata, by collateral estoppel, by the doctrine of laches, and by defendants not procedural defaults of the issue. He's knowing an intentional waiver of the issue. He got two summary remands by arguing that the petitions that he said were original petitions were successive petitions. When they went back, when he got those two remands, he raised in one of the petitions another claim. Judge Wattis, you're considering my petition wrongly. When he lost that, when Judge Wattis dismissed that petition, he again didn't raise it on appeal. At some point, res judicata and waiver, knowing waiver, bar this defendant from coming to the well yet again. And if this court believes that this defendant is going to stop filing if we send this back for another ruling, I believe that that's... But regardless of what we do, I really don't see, I mean, I think we would be naive to suggest that even if we send this back and have the trial court, you know, resolve it one way or the other, or we deny that relief, that's not going to stop any of these proceedings. He has the right to keep filing, and there is no real principle that would, you know, prohibit that. Well, I don't. I mean, whether they will be successful or whether they have been raised before, that's, you know, something else. But I don't see that, you know, what we do here today is going to make any difference. And it really shouldn't. What difference? I mean, I don't think it should make a difference. You know, and I agree with that. But, you see, traditionally we're a court of review, and we review what the trial court has done. And when the trial court hasn't done anything, there's a problem. Your Honor, but under those principles, that the issue that the defendant has before this court today is not before this court today, because as a court of review, what you're here to decide today is what is... Yeah, but you could not find me a case where a court hasn't ruled on something and where we could take it de novo and apply these principles. There is no such thing. Well, the issues before this court is did the circuit court correctly deny his motion for an order non-protunct and did it correctly deny him leave to file his ninth petition? Those are the two issues that are correctly before this court, not whether the court failed to comply with the mandate 15 years ago. Let's put this in a different posture. If he were to argue in a successive PC that his initial petition was never ruled upon, there is a standard that he has to meet. Correct. To have, well, leave to file that successive petition, but he also has to show that there was some deficiency in the initial hearing on the... But he most happens to show prejudice. Well, that's true. He would have to show. He could show certainly that if it wasn't ruled on, there's a deficiency. But you're right. The second prong is prejudice. He has to show that had it been ruled upon, it would have been ruled upon in his favor. Correct. But that's under a successive petition. But that's what successive petitions... He's got two going here. Which one is the one that was filed timely if you take Mr. Zeeb's... Motion for leave to file his ninth successive PC. Not the non-protunct? No. No. All right. Well, in the non-protunct petition, which I think both parties agree isn't really the right vehicle, if he's seeking to have that petition ruled upon, you would take the position that all of these things are barred by multiple principles. Yes, Your Honor. And that in addition not only to being barred, that the record affirmatively demonstrates that any error... This is no different than a court ruling on the wrong basis. It's well established that it's the result that's reached is what this court is concerned with. Was it the correct result? Not the reasoning that was used to get there. So if this court is concerned that the issues in his first petition have never been properly ruled on, you go back to the January 31st of 2002 ruling where Judge Wattis dismisses his amended post-conviction petition and the March 20th, 2002 ruling where the judge denies his motion for rehearing. And the judge reached the right result, albeit perhaps for the wrong reasons. But he reached the right result, and the defendant could have, if he had so chosen, had this court then conducted a de novo review of the issue, see if whether or not that qualified as a ruling on the initial petition, and perhaps then remanded. The defendant affirmatively chose not to pursue that route. He took a contrary position, and now he wants a do-over. It is simply not an appropriate way to squander the resources of this court. The defendant's issues are meritless. I am happy to answer any other questions that this court may have, but if there are no other questions, the people of the state of Illinois would also ask that in addition to affirming the dismissal of the order for the motion for non-pro tonque and for Leif to file his ninth collateral challenge, that this court reinstate the consecutive natural life sentence that was justifiably imposed upon this incorrigible defendant by a court under the authority of law and that was only later altered under precedent which the Supreme Court has since rejected. The defendant for the gruesome and brutal murders of Ezekiel Roten and Sabrina Somerville clearly warranted those consecutive sentences, and the people believe that they should be reinstated. If there are no further questions, thank you very much. Okay. Rebuttal. I'll be brief, Your Honors. This is Apples and Oranges.  When he says that you did, you did, when I filed this amended petition, I was filing an amendment to my initial petition for post-conviction relief. But the fact remains that the court didn't look at it through the lens of an initial petition. Well, how do we know that when he's telling the court that and then the court reviews it and then denies the relief? How do we know that the court didn't consider that? Well, again, and then he didn't have counsel at that point. It wasn't the proper second stage proceeding where the court looked at it through the lens of an initial petition. Well, you know, there's no argument in your briefs about that any of these errors or any of the complaints alleged in the initial petition rose to the level of a substantial showing of a deprivation of constitutional right, is there? Have you ever argued the merits? We have not. Okay. And why not? Well, at this stage, that doesn't matter, Your Honor. I mean, the state has cited no case to support its argument that a defendant such as Mr. Hunter can waive or forfeit this court's inherent authority. But can't he be stopped from taking a position, a contrary position, when he has previously taken the position in these other appeals that his lawyer was ineffective for not telling him that his petition, his initial petition had been dismissed? Well, it doesn't change the fact that there's still no ruling. There's still no ruling in the United States Circuit Court. Hasn't he taken the position that there was a ruling and that he wasn't appropriately advised of it? Hasn't that been his position all along? Hasn't that been everybody's position? I think his position has changed, and I think that just goes to show the confusion as to whether there was a ruling, and this just brings us back to where we started. There is no definitive ruling on that initial petition. I don't know how we can go back and say that all of our orders are meaningless and useless and, you know, we have to reach a – that there's case authority regarding how we can go back and say there weren't any issues of merit and now today say there are. We're bound by our own precedent. We can't go back and say, you know, this was wrong unless we meet a certain standard. I mean, you're aware of that. Sure, Your Honor, but, again, these claims haven't been looked at through the proper lens. Yes, I understand that. Granted, Mr. Hunter has filed numerous petitions, but, again, the state doesn't disagree that those haven't been looked at as the initial claims. Well, I'm not sure that they would agree with you there. Their brief is full of their position that this was ruled upon. But whether there's a record or transcript, you know, that's not in the record. We don't have anything in this record that definitively says that it was denied. That's right. And just looking to the recent Stevens case there, that that specific issue wasn't in the petition. That issue in this court said we have the inherent authority to compel compliance with our orders. We can order – we can remand this again for another sentencing hearing. So it doesn't matter that this specific issue was not in the 12-1733. That case is slightly different, though. It's a post-conviction petition. Well, I thought it was a remand for a sentencing, and the sentencing took place outside the presence of the defendant and the lawyer. Correct, but the gist of it is the court didn't follow this court's mandate because it wasn't actually a sentencing hearing. But it wasn't like successive multiple PCs and whatever. No. It's a totally different statute scenario. But the principle I understand. The core principle of law that this court has the authority to compel compliance with its orders. With its mandate. Yeah. So for those reasons, Your Honor, Mr. Hunter requests that this court remand it back to the trial court for first-stage proceedings – or for second-stage proceedings and the appointment of counsel. If there is some magic order out there that shows it's already been decided, then that's that. But we don't have it. Thank you. Okay. Well, you guys have given us a very interesting case and very good arguments and briefs, and we'll take the case under advisement. We'll take a short recess.